**UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF INDIANA
INDIANAPOLIS DIVISION**

| | | |
|---|---|---|
| SCOTT EVANS, | ) | |
| | ) | |
| **Plaintiff,** | ) | |
| | ) | |
| **vs.** | ) | **CASE NO.:** |
| | ) | |
| AUCTION TECHNOLOGY | ) | |
| GROUP, PLC | ) | |
| | ) | |
| **Defendant.** | ) | |

## COMPLAINT AND DEMAND FOR JURY TRIAL

### I.        NATURE OF THE CASE

1.        This is an action brought by Plaintiff, Scott Evans ("Evans" or "Plaintiff"), by counsel, against Defendant, Auction Technology Group, PLC ("Defendant" or "ATG") for violating the Americans with Disabilities Act of 1990 ("ADA"), as amended, 42 U.S.C. § 12101 *et. seq*.

### II.        PARTIES

2.        Evans is a resident of Marion County, Indiana, who at all relevant times to this action resided within the geographical boundaries of the Southern District of Indiana.

3.        Defendant maintains offices and routinely conducts business within the geographical boundaries of the Southern District of Indiana.

### III.        JURISDICTION AND VENUE

4.        Jurisdiction is conferred on this Court over the subject matter of this litigation pursuant to 28 U.S.C. §1331; 28 U.S.C. §1343; and 42 U.S.C. § 12117.

5.        Defendant is an "employer" as that term is defined by 42 U.S.C. § 12111(5).

6.        Evans was an "employee" as that term is defined by 42 U.S.C. § 12111(4).

7.     Evans is an individual with a "disability" as that term is defined by 42 U.S.C. § 12102(2). Defendant was aware of Evans's disability and/or regarded him as a disabled individual and/or the Defendant has a written record of Evans's disability.

8.     Evans satisfied his obligation to exhaust his administrative remedies having timely filed a Charge of Discrimination (Charge No. 520-2025-04808) with the U.S. Equal Employment Opportunity Commission ("EEOC") against Defendant alleging discrimination based on his disability and retaliation for engaging in protected activity. Evans received his Notice of Suit Rights and timely files this action.

9.     A substantial part of the events, transactions, and occurrences concerning this case arose in the geographical environs of the Southern District of Indiana; thus, venue is proper in this court.

## IV.     FACTUAL ALLEGATIONS

10.     Evans began working for Defendant on or about January 3, 2023. His most recent job title was Group Product Manager.

11.     At all relevant times, Evans met or exceeded Defendant's legitimate performance expectations.

12.     Evans is considered disabled under the ADA and/or Defendant regarded Evans as being disabled. Evans suffers from Major Depressive Disorder, Post-Traumatic Stress Disorder, and Generalized Anxiety Disorder. These conditions substantially limit one or more major life activities.

13.     Evans disclosed his disabilities to Defendant on several different occasions. He verbally disclosed his disabilities to Rob Cummings ("Cummings," Chief Product Officer), Wyatt Barrett ("Barrett," Senior Vice President of Engineering), and Valerie Dolesji ("Dolesji," Vice

2

President of Product) at a company dinner in October 2023. He disclosed his disabilities verbally and in writing to Darren Ali ("Ali," Chief People Officer) on June 26, 2024. He verbally disclosed his disabilities to Jennifer Bonelli ("Bonelli," Human Resources Senior Director) on August 5, 2024.

14. Evans consistently received positive performance reviews, promotions, and raises until he complained of disability discrimination. On May 3, 2024, for example, he received feedback from Dolesji that he was meeting Defendant's expectations and was a critical part of the team.

15. In May 2024, Evans's supervisor, Megan Schoen ("Schoen"), began making negative comments about people with mental illnesses or disabilities, assigning Evans unrealistic projects, refusing to provide the resources he needed to succeed, being hypercritical of his work, and using offensive language to describe him and his work.

16. Evans complained of disability discrimination several times based on the treatment he received from Schoen. On June 23, 2024, he filled out a company engagement survey that identified Schoen and her discriminatory treatment. On June 26, 2024, he met with Ali to discuss the disability discrimination and reiterated his concerns in a follow-up email the same day. On July 1, 2024, Evans met with Dolesji to complain about disability discrimination. In July 2024, he sent another email to Ali because Schoen's mistreatment of him increased after he made his complaints. On August 1, 2024, he submitted a complaint to the company's whistleblower hotline. On August 2, 2025, he filed a Charge of Discrimination with the EEOC. On August 5, 2024, he met with Bonelli to complain again of disability discrimination and also memorialized his complaint to Bonelli in writing.

17.     On August 6, 2024, Dolesji informed Evans he was being placed on a performance improvement plan with an expected improvement timeline of two to four weeks. In Evans's experience working for Defendant, every coworker he knew that was placed on a performance improvement plan was thereafter terminated. Knowing his pretextual termination was inevitable and considering the overall hostile work environment, Evans was constructively discharged on August 6, 2024.

## V.     CAUSES OF ACTION

### COUNT I: ADA – DISABILITY DISCRIMINATION

18.     Evans hereby incorporates paragraphs one (1) through seventeen (17) of his Complaint as if the same were set forth at length herein.

19.     Evans suffers from a disability that substantially impairs him in one or more major life activities.

20.     Defendant discriminated against Evans on the basis of his disability by treating him disparately, creating a hostile work environment for him, and constructively discharging his employment.

21.     Defendant's actions were intentional, willful, and in reckless disregard of Evans's rights as protected by the ADA.

22.     Evans has suffered damages as a result of Defendant's unlawful actions.

### COUNT II: ADA – RETALIATION

23.     Evans hereby incorporates paragraphs one (1) through twenty-two (22) of his Complaint as if the same were set forth at length herein.

24.     Evans engaged in a protected activity when he submitted a complaint of discrimination to Ali, Dolesji, the company whistleblower hotline, and Bonelli.

4

25. Defendant retaliated against Evans by terminating his employment.

26. Defendant's actions were intentional, willful, and in reckless disregard of Evans's rights as protected by the ADA.

27. Evans has suffered damages as a result of Defendant's unlawful actions.

## VI.   REQUESTED RELIEF

**WHEREFORE**, Plaintiff, Scott Evans, respectfully requests that this Court enter judgment in his favor and award him the following relief:

1. Permanently enjoin Defendant from engaging in any employment policy or practice that discriminates against any employee based on their disability and/or retaliates against any employee after engaging in a protected activity;

2. Reinstate Plaintiff to a position of equal pay, benefits, and seniority or award front pay in lieu thereof;

3. All wages, benefits, compensation, and other monetary loss suffered as a result of Defendant's unlawful actions;

4. Compensation for any and all other damages suffered as a consequence of Defendant's unlawful actions;

5. Compensatory damages for Defendant's violations of the ADA;

6. Punitive damages for Defendant's violations of the ADA;

7. All costs and attorney's fees incurred as a result of bringing this action;

8. Pre- and post-judgment interest on all sums recoverable; and

9. All other legal and/or equitable relief this Court sees fit to grant.

## <u>DEMAND FOR JURY TRIAL</u>

Plaintiff, Scott Evans, by counsel, requests a trial by jury on all issues deemed so triable.

Respectfully Submitted,

BIESECKER DUTKANYCH & MACER LLC

By: <u>/s/ *Brenly Pereira*</u>
Brenly Pereira
Andrew Dutkanych
144 North Delaware Street
Indianapolis, Indiana 46204
Telephone: (317) 991-4765
Email: bpereira@bdlegal.com
         ad@bdlegal.com
*Counsel for Plaintiff, Scott Evans*